UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FIREMAN'S FUND INSURANCE COMPANY      14-cv-07381 (ADS) (AKT)
as subrogee of ROY GLASER,

                             Plaintiff,     **VERIFIED ANSWER**

      - against -

WATTS WATER TECHNOLOGIES, INC.,

                            Defendant.
-----------------------------------------------------------------X

       Defendant, WATTS WATER TECHNOLOGIES, INC., hereinafter ("Watts"), by its attorneys, Schnader Harrison Segal & Lewis LLP, answering Plaintiff's Complaint dated November 13, 2014, respectfully states as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Plaintiff's Complaint.

       2.     Admits the allegations contained in paragraph "2" of Plaintiff's Complaint.

       3.     Denies each and every allegation contained in paragraph "3" of Plaintiff's Complaint.

       4.     Repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraphs "1" through "4" of Plaintiff's Complaint.

       5.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of Plaintiff's Complaint.

6.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of Plaintiff's Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of Plaintiff's Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of Plaintiff's Complaint.

9.  Denies each and every allegation contained in paragraph "9" of Plaintiff's Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of Plaintiff's Complaint.

11. Denies each and every allegation contained in paragraph "11" of Plaintiff's Complaint.

12. Denies each and every allegation contained in paragraph "12" of Plaintiff's Complaint.

13. Denies each and every allegation contained in paragraph "13" of Plaintiff's Complaint.

14. Denies each and every allegation contained in paragraph "14" of Plaintiff's Complaint.

15. Denies each and every allegation contained in paragraph "15" of Plaintiff's Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of Plaintiff's Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of Plaintiff's Complaint.

18. Denies each and every allegation contained in paragraph "18" of Plaintiff's Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

19. Repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraphs "1" though "18" of Plaintiff's Complaint.

20. Denies each and every allegation contained in paragraph "20" of Plaintiff's Complaint.

21. Denies each and every allegation contained in paragraph "21" of Plaintiff's Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of Plaintiff's Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of Plaintiff's Complaint.

24. Denies each and every allegation contained in paragraph "24" of Plaintiff's Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

25. Repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraphs "1" through "24" of Plaintiff's Complaint.

26. Denies each and every allegation contained in paragraph "26" of Plaintiff's Complaint.

27. Denies each and every allegation contained in paragraph "27" of Plaintiff's Complaint.

28. Denies each and every allegation contained in paragraph "28" of Plaintiff's Complaint.

29. Denies each and every allegation contained in paragraph "29" of Plaintiff's Complaint.

30. Denies each and every allegation contained in paragraph "30" of Plaintiff's Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of Plaintiff's Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of Plaintiff's Complaint.

33. Denies each and every allegation contained in paragraph "33" of the Plaintiff's Complaint.

34. Denies each and every allegation contained in paragraph "34" of the Plaintiff's Complaint.

35. Denies each and every allegation contained in paragraph "35" of the Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36. Upon information and belief, Plaintiff and/or its Subrogor failed to take reasonable measures to mitigate the damages allegedly suffered.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37. Pursuant to applicable New York Law, this answering Defendant is entitled to any and all affirmative defenses which it may have asserted directly against Plaintiff's Subrogor, and Defendant reserves the right to amend this Answer should any such available defenses come to defendants' knowledge during the course of this litigation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38. Defendant avers that Plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39. Defendant asserts that this Defendant made no warranty, express or implied, to the Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40. Any injuries and damages sustained by the Plaintiff were the result of the misuse and/or abuse of the aforesaid product.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41. Any and all acts performed, and products manufactured and/or distributed by Defendant and/or any of its subsidiaries were at all times relevant hereto in conformity with the state of the art for the manufacture, design, testing, labeling and promotions of similar products.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

42. That any injuries and/or damages sustained by the Plaintiff and/or Subrogor, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of Plaintiff's Subrogor and/or Third-Party and not as a result of any negligence and/or culpable conduct on the part of this answering Defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

43. If any injuries and damages were sustained by the Plaintiff at the time and place in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to culpable conduct of the Plaintiff's Subrogor and/or Third Parties, and if any damages are recoverable against the Defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff and/or Third Parties bears to the culpable conduct which caused the damaged pursuant to Section 1601 of the CPLR.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

44. That one or more of the causes of action are time-barred pursuant to the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

45. That the Complaint fails to state a cause of action, cognizable in equity or law against this answering Defendant and must therefore, be dismissed.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

46. The answering Defendant denies that the product alleged in Plaintiff's Complaint was defective when it left the custody and control of this answering Defendant and/or any of its subsidiaries.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

47. Plaintiff's claim is barred as it is a signatory to the Property Subrogation Arbitration Agreement thereby its exclusive remedy is to pursue its claim through Arbitration Forums, Inc.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

48. In the event that Plaintiff's damages do not exceed the $100,000 claim limit of the Property Subrogation Arbitration Agreement signed by Plaintiff, Defendant reserves its rights to seek attorney fees, court costs, and all expenses directly related to the defense of the lawsuit improperly commenced by Plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

49. That any injuries and/or damages sustained by the Plaintiff and/or Subrogor, as alleged in the Complaint herein, were caused in whole or in part by the improper installation of the product.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff's Complaint is barred by the doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claim.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

51. Plaintiff's Complaint is barred, as any injury Plaintiff sustained was due to and proximately caused by the abuse, misuse or improper use of the product and therefore the Plaintiff should not recover.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

52. Plaintiff's Complaint is barred because Plaintiff's damages, if any, were caused by the unforeseeable alteration of the subject product by others over whom this answering Defendant had no control of.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

53. The product was reasonably safe and no practical or feasible alternative product practice would have prevented the acts or occurrences alleged in the Complaint.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

54. Watts and/or its subsidiaries are not liable for allegations caused by an inherent characteristic of the product which could not be eliminated without substantially compromising the product's usefulness or desirability.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

55. Defendant asserts that it does not manufacturer, construct, design, assemble, distribute or sell any products.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

56. In the event Plaintiff obtains a verdict or judgment, the verdict or judgment must be entered in accordance with Civil Practice Law Rule 50-B.

**WHEREFORE,** this answering Defendant demands judgment dismissing the Complaint of Plaintiff, together with the attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
December 22, 2014

Yours, etc.

SCHNADER HARRISON SEGAL & LEWIS LLP

_____
Carol J. Notias
*Attorneys for Defendant*
WATTS WATER TECHNOLOGIES, INC.
140 Broadway, Suite 3100
New York, New York 10005-1101
(212) 973-8000

TO:

Virginia Markovich, Esq.
COZEN O'CONNOR
*Attorneys for Plaintiff*
45 Broadway, 23rd Floor
New York, New York 10006
(212) 453-3731

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under the penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is an associate with the firm of Schnader Harrison Segal & Lewis LLP, attorneys for Defendant WATTS WATER TECHNOLOGIES, INC.

That she has read the foregoing VERIFIED ANSWER and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters he believes them to be true.

That the reason this Verification is being made by your deponent is that Defendant does not maintain offices with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of her belief as to all the matters therein alleged upon information and belief are documents from and communications had with said Defendant.

Dated: New York, New York
December 22, 2014

_____
CAROL J. NOTIAS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

FIREMAN'S FUND INSURANCE COMPANY         14-cv-07381 (ADS) (AKT)
as subrogee of ROY GLASER,

        Plaintiff,

 - against -

WATTS WATER TECHNOLOGIES, INC.,

        Defendant.
---------------------------------------------------------------------X

**VERIFIED ANSWER OF DEFENDANT**
**WATTS WATER TECHNOLOGIES, INC.**

Schnader
ATTORNEYS AT LAW

Schnader Harrison Segal & Lewis LLP
140 BROADWAY SUITE 3100
NEW YORK, NY 10005-1101